IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAYFLOWER HOUSING PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-731C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth, except to admit that Mayflower Manor Apartments is located at 263 South Main St., Akron, Ohio and consists of 25 studio, 181 one bedroom, and 27 two bedroom units.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth, except to admit that the Department of Housing and Urban Development ("HUD") is an agency of the United States.

6. Admits the allegations contained in the first sentence of paragraph 6. Denies the allegations contained in the second sentence of paragraph 6, and avers that Exhibit A to the complaint is not a complete or accurate copy of the Housing Assistance Payments ("HAP") contract for Mayflower Manor Apartments as of the time that this HAP contract was executed. The allegations contained in the third sentence of paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the HAP contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the HAP contract, which is the best evidence of its contents; otherwise denies the allegations of the first sentence of paragraph 8. Denies the

allegations contained in the second sentence of paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the HAP contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the HAP contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits.

12. Admits the allegations contained in paragraph 12 to the extent supported by the HAP contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by the legislation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits.

16. Admits the allegations contained in paragraph 16 to the extent supported by the directive cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the directive cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Denies.

19. Defendant incorporates by reference its responses to paragraphs 1 through 18 of plaintiff's complaint.

20. Admits.

21. Admits.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff’s characterization of this action to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute plaintiff’s characterization of this action to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff’s characterization of this action to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the contract rents under the HAP Contract for Mayflower Manor

Apartments were not adjusted annually between contract year 2000 and the date of the filing of the complaint.

25. Denies.

26. Denies.

27. Defendant incorporates by reference its responses to paragraphs 1 through 26 of plaintiff's complaint.

28. Denies.

29. Defendant incorporates by reference its responses to paragraphs 1 through 28 of plaintiff's complaint.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendant incorporates by reference its responses to paragraphs 1 through 32 of plaintiff's complaint.

32. Denies.

33. Defendant incorporates by reference its responses to paragraphs 1 through 32 of plaintiff's complaint.

34. Denies.

35. Defendant incorporates by reference its responses to paragraphs 1 through 34 of plaintiff's complaint.

36. Denies.

37. Defendant incorporates by reference its responses to paragraphs 1 through 36 of plaintiff's complaint.

38. Denies.

39. Denies that plaintiff is entitled to the relief requested in the WHEREFORE paragraph following paragraph 38, or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

Attorneys for Defendant

June 15, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

S/ James W. Poirier