IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MAYFLOWER HOUSING PARTNERSHIP,** | ) | Case No. 06-731C |
| | ) | |
| | ) | JUDGE CHARLES F. LETTOW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | PLAINTIFF'S PRELIMINARY STATUS REPORT |
| | ) | |
| Defendant. | ) | |

The plaintiff submits this Preliminary Status Report under Rule 16 and Appendix A(III) of the Rules of the United States Court of Claims. Defendant has chosen to file a motion for extension of time to which plaintiff objects and declines to participate in this report.

**a. Jurisdiction:**

Plaintiff brings this action under the Tucker Act, 28 U.S.C. § 1491(a)(1).

**b. Consolidation:**

The plaintiff agrees that the Court should not consolidate this case with any other case.

**c. Bifurcation:**

The plaintiff brings to the Court's attention the case of *Statesman Apartments II, Inc. v. United States* , 66 Fed.Cl. 608 (2005) ("*Statesman I*") and 71 Fed.Cl. 662 (2006) ("*Statesman II*"). The plaintiff submits that the *Statesman* cases are determinative of bifurcation issues and does not believe that bifurcated trials of liability and damages in the within cases are necessary.

**d. Deferral:**

The plaintiff does not believe that the within cases should be deferred.

**e. Remand/Suspension:**

The plaintiff agrees that no remand or suspension will be sought.

**f. Joinder:**

The plaintiff does not anticipate joining additional parties at this time.

**g. Dispositive Motions:**

The plaintiff anticipate filing summary judgment motions as to liability and damage issues.

**h. Relevant Issues:**

1. Whether Defendant breached its contract with Plaintiff by not automatically adjusting rents on an annual basis as required by the contract.

2. Whether Defendant breached its contract with Plaintiff by improperly deducting one percent from the annual adjustment factor for determining the rent for non-turnover units.

3. Whether Defendant breached its contract with Plaintiff by improperly limiting the amount of adjustment.

4. Whether Defendant breached its contract with Plaintiff by not adding the initial difference to comparable rent and multiplying that sum by 120% to determine the rent adjustment limit.

5. Whether Defendant breached its contract with Plaintiff by improperly determining the amount of the initial difference.

6. Whether Defendant breached its contract with Plaintiff by requiring Plaintiff to furnish rent comparability studies at Plaintiff's expense.

7. If Defendant is liable to Plaintiff, what is the amount of Plaintiff's compensable damages, including damages for the 1% deduction from factored adjustments for non-turnover units, damages for failing to include a material difference factor in calculating the over-all limitation on the adjustment and for requiring Plaintiff to furnish rent surveys?

**i. <u>Settlement:</u>**

The parties are engaged in settlement discussions and do not believe that discussing the within cases with a settlement judge is a viable method of alternative dispute resolution.

**j. <u>Proposed Scheduling Plan:</u>**

Based upon the discovery and stipulations in the *Statesman* case, the Plaintiff has furnished Defendant with proposed Stipulations which Plaintiff believes will obviate the necessity of discovery and expert reports and allows the parties to submit dispositive motions. If same or some modification of same can be stipulated, the parties could proceed to step 5 outlined below with the filing with the Court of such Stipulations substituting for completion of expert depositions. The plaintiff will report to the Court within 30 days whether this matter has been settled or whether such Stipulations have been agreed upon or not and what areas of disagreement exist. The Court will determine whether to hold a status conference or not.

Thereafter, in the absence of agreement on such Stipulations, the plaintiff proposes the following schedule:

1. 180 days for paper and fact discovery.

2. 30 days for expert reports after close of paper and fact discovery.

3. 30 days for rebuttal expert reports after submission of expert reports.

4. 30 days to complete expert depositions after submission of rebuttal expert reports.

5. 30 days to submit dispositive motions after completion of expert depositions.

6. 30 days to submit opposition memoranda to dispositive motions.

7. 15 days to submit reply memoranda in support of dispositive motions.

Respectfully submitted,

/s/ Fred J. Livingstone
Fred J. Livingstone
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
(216) 706-3925

Attorney for Plaintiff

Of counsel:

Mark J. Valponi
Majeed M. Makhlouf
TAFT, STETTINIUS & HOLLISTER LLP
3500 BP Tower
200 Public Square
Cleveland, Ohio 44114-2302
(216) 241-2838

Peter Keisler
Assistant Attorney General

David M. Cohen
Director

James Poirier
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0856
Fax: (202) 514-7969

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing *Plaintiff's Preliminary Status Report* was electronically filed on January 25, 2008. Service on all counsel of record is accomplished through the Court's electronic system, which can be accessed by all parties.

/s/ Fred J. Livingstone
Fred J. Livingstone