IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAYFLOWER HOUSING PARTNERSHIP, Plaintiff, | ) | |
| v. | ) | No. 06-731C |
| THE UNITED STATES, Defendant. | ) | (Judge Lettow) |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant or the plaintiff, it is stipulated and agreed between the parties:

1. The United States Department of Housing and Urban Development (HUD) awarded Housing Assistance Payment (HAP) contract no. C-68-545 in 1979. Since 1980, Mayflower Housing Partnership (Mayflower) has been the contractor with HUD with regard to contract no. C-68-545, as amended. In general, the contract relates to multifamily rental housing located in Akron, Ohio. In general, by means of HAP contracts, HUD provides rental assistance for low-income families so that such families can live in a multifamily rental housing project with reduced rental payment obligations.

2. On October 26, 2006, Mayflower filed a complaint, which alleges that HUD breached the rent adjustment provisions of its HAP contract in certain ways, resulting in an underpayment of

rent subsidies to Mayflower for the years 2000-2006 in the amount of $1,731,000.

3. Mayflower has offered to settle all claims in this case, which encompass HAP contract years up to and including HAP contract year 2006 (ending October 31, 2007), as well as the first three months of HAP contract year 2007 (November 1, 2007 through January 31, 2008), and all other current or past claims related to its HAP contract (except for any claims related to taxes or fraud) in exchange for the entry of judgment against the United States in favor of Mayflower in the amount of $50,068, inclusive of interest, with each party to bear its own costs, expenses, and attorney fees. The offer reserves Mayflower's right to pursue damages suffered after January 31, 2008.

4. Mayflower's offer has been accepted on behalf of the Attorney General.

5. The United States consents to entry of judgment against the United States in favor of Mayflower as set out in paragraph 3.

7. Upon satisfaction of the terms set forth in paragraphs 3 and 5, Mayflower releases, waives, and abandons all current or past claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to its HAP contract or otherwise involved in this case, regardless of whether they were included in the complaint,

including, but not limited to, all current or past claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

8. This stipulation is in no way related to or concerned with income or other taxes for which Mayflower is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

9. Mayflower warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Mayflower further warrants and represents that it has not made any assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Mayflower.

10. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an

interest, except as is necessary to effect the terms of this stipulation.

11. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Mayflower.

12. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them, except for the agreement between Mayflower and HUD, dated February 1, 2008.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director
Authorized Representative
Of The Attorney General

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

Attorneys for Defendant

S/ Fred J. Livingstone
FRED J. LIVINGSTONE
Taft, Stettinius
& Hollister LLP
3500 BP Tower
200 Public Square
Cleveland, Ohio 44114-2302

Attorney for Plaintiff

February 1,2008

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2008, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

S/ Fred J. Livingstone